# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **GARY BLANK** | : | **CIVIL ACTION** |
|    *Plaintiff, pro se* | : | |
| | : | **NO. 16-5076** |
| v. | : | |
| | : | |
| **OPTIMUM FINANCIAL SERVICES, LLC**, *et al.* | : | |
| | : | |
|    *Defendants* | : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                                              APRIL 27, 2017

# MEMORANDUM OPINION

**INTRODUCTION**

      Before this Court are *motions to dismiss*, one filed by Defendant Bank of America, N.A. ("Defendant BANA"), on September 29, 2016, [ECF 3], and another by Defendant Optimum Financial Services, LLC ("Defendant Optimum"), filed on November 18, 2016, [ECF 5], (collectively, "Defendants"), pursuant to Federal Rules of Civil Procedure ("Rule") 12(b)(1), 12(b)(2), and 12(b)(6). Plaintiff Gary Blank ("Plaintiff"), proceeding *pro se*, has not filed a response to either motion though the time period for doing so has long passed. The issues in the motions to dismiss have been briefed and are ripe for disposition. For the reasons stated herein, the motions to dismiss are granted.

**BACKGROUND**

      On August 17, 2016, Plaintiff filed a state court action against Defendants asserting claims of fraud in the concealment, breach of contract, breach of fiduciary duty, slander of title, wrongful foreclosure, and requesting declaratory relief. Each claim is purportedly premised on an alleged wrongful foreclosure and a subsequent invalid sheriff sale of property located at 3147

Pasqualone Boulevard, Bensalem, Pennsylvania.[1] [ECF 1-1]. Following the removal of the state court action to federal court, Defendants filed the underlying motions to dismiss.

For the purpose of the motions to dismiss, this Court must accept, as true, all relevant and pertinent factual allegations in Plaintiff's complaint. *See Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 233 (3d Cir. 2008). These factual allegations are summarized as follows:[2]

> On November 2, 2006, Plaintiff executed a promissory note in favor of Optimum Financial Services, LLC, d/b/a Homestar Direct in the amount of $185,000. (Compl. at ¶ 7). The note was secured by a mortgage ("the Mortgage") on 3147 Pasqualone Boulevard, Bensalem, Pennsylvania ("the Property"). (*Id.* at ¶¶ 1, 8). The Mortgage identified Plaintiff as the borrower, Opteum Financial Services, LLC d/b/a Homestar Direct, a Pennsylvania corporation, as the lender ("Opteum"),[3] and Mortgage Electronic Registration

---

[1] Plaintiff originally commenced this action against Defendants in the Court of Common Pleas of Bucks County, Pennsylvania. Defendant BANA removed the matter to this Court on September 22, 2016. [ECF 1].

[2] Although Plaintiff did not attach a copy of the Mortgage to his complaint, a copy of the Mortgage and the Assignment were attached to Defendant BANA's *Request for Judicial Notice,* in support of its motion to dismiss ("RJN"), as Exhibits A and B. [ECF 3-2]. "In general, when ruling on a motion to dismiss pursuant to 12(b)(6), a court may only consider the contents of the pleadings." *Cooper v. Samsung Elec. Am., Inc.,* 374 F. App'x 250, 253 n.3 (3d Cir. 2010) (citing *Pryor v. Nat'l Collegiate Athletic Ass'n,* 288 F.3d 548, 560 (3d Cir. 2002)). However, "[d]ocuments that the defendant attaches to the motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to the claim . . . ." *Id.* (quoting *Pryor,* 288 F.3d at 560). In this case, the contracts upon which Plaintiff's claims are premised—the mortgage he executed in MERS' favor on November 2, 2006, and MERS' subsequent assignment of that mortgage to First State on August 29, 2013—were not attached to his complaint, but are clearly referenced in the complaint and are central to all of the claims therein asserted. Plaintiff has not disputed the authenticity of the documents attached to Defendant BANA's motion to dismiss. Since Defendant BANA attached copies of both documents to its motion to dismiss which are referenced in and central to Plaintiff's complaint, and their authenticity is not disputed, this Court may properly consider both contracts in the present analysis.

[3] Defendant Optimum has submitted a number of exhibits in support of its motion to dismiss, including, *inter alia*, copies of the Mortgage and the Assignment, [ECF 5-5], which identify Opteum Financial Services, LLC, d/b/a Homestar Direct ("Opteum"), as the lender, as well as records from both the Pennsylvania and Mississippi Departments of State, [ECF 5-2, 5-6], to substantiate that Opteum and Defendant Optimum are separate and distinct corporate entities. The Pennsylvania Bureau of Corporations and Charitable Organizations lists Opteum's address as One Neshaminy Interplex #102, Trevose, Pennsylvania 19053. (*See* Def. Optimum's Mot. to Dismiss Ex. 2 at 1) [ECF 5-5], whereas Defendant Optimum is a registered investment adviser incorporated in the state of Mississippi. (*See id.* at Ex. 6).

System ("MERS") as mortgagee acting solely as a nominee for Opteum and Opteum's successors and assigns. (*See* Def. BANA's Mot. to Dismiss Ex. A at 1). The Mortgage was subsequently assigned to First State Bank of East Detroit ("First State") ("the Assignment"), and the Assignment was recorded on September 4, 2013. (Compl. at ¶ 12).

Plaintiff defaulted on the note and, on May 22, 2014, First State filed a foreclosure action against him in the Bucks County Court of Common Pleas. The foreclosure action was captioned *First State Bank of East Detroit v. Gary Blank,* Bucks County Court of Common Pleas, Pennsylvania, Case No. 2014-03600.[4] On August 22, 2014, a default judgment was entered against Plaintiff and a sheriff's sale was ordered.[5] Defendant BANA purchased the Property at a sheriff's sale, and recorded a deed to the Property on June 10, 2015.[6]

**LEGAL STANDARDS**

As noted, Defendants filed motions to dismiss pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6). The standard of each Rule will be discussed, *infra.*[7]

*Rule 12(b)(1)*

A motion to dismiss filed under Rule 12(b)(1) challenges the existence of subject-matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving

---

[4] While the facts set forth herein are drawn primarily from Plaintiff's complaint, and the operative documents cited therein and attached to Defendants' motions to dismiss, this Court has also relied upon certain procedural facts pertaining to the underlying foreclosure action commenced in the Bucks County Court of Common Pleas. *See* RJN at Ex. C [ECF 3-2]. This Court may consider documents in the public record, such as public court filings, on a motion to dismiss without converting it into one for summary judgment. *See Beverly Enters., Inc. v. Trump,* 182 F.3d 183, 190 n.3 (3d Cir. 1999) (holding that a court may consider "matters of public record" on a motion to dismiss without converting the motion to one for summary judgment); *Pension Ben. Guar. Corp. v. White Consol. Indus., Inc.,* 998 F.3d 1192, 1196 (3d Cir. 1993) (recognizing that, in evaluating the facial plausibility of a complaint, "courts can generally consider only the allegations contained in the complaint, exhibits attached to the complaint and matters of public record.").

[5] *See* RJN at Ex. C.

[6] *See* RJN at Ex. D.

[7] Although Optimum moves for dismissal of Plaintiff's complaint pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), this Court will address only the legal standards applicable to Rule 12(b)(1) and 12(b)(6) motions, as they serve as the bases for this Court's ruling.

that the jurisdictional requirements are met. *Dev. Fin. Corp. v. Alpha Hous. & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings, including publicly available records, to resolve factual issues bearing on the court's jurisdiction. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997); *Jiricko v. Bennett, Bricklin & Saltzburg, LLP*, 321 F. Supp. 2d 636, 640 (E.D. Pa. 2004).

*Rule 12(b)(6)*

Finally, when considering a Rule 12(b)(6) motion to dismiss for failure to state a claim, a court "must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). The court must determine "whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.'" *Id*. at 211 (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009)). The complaint must do more than merely allege the plaintiff's entitlement to relief; it must "show such an entitlement with its facts." *Id.* (internal citations and quotations omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)) (alterations in original). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678 (citing

4

*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." *Id*. To survive a motion to dismiss under Rule 12(b)(6), "a plaintiff must 'nudge [his] claims across the line from conceivable to plausible.'" *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 570). Even though pleadings and other submissions by *pro se* litigants are subject to liberal construction and the courts are required to accept the truth of Plaintiff's well-pleaded allegations while drawing reasonable inferences in Plaintiff's favor, *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (citing *Capogrosso v. Sup. Ct. of N.J.*, 588 F.3d 180, 184 (3d Cir. 2009) (*per curiam*)), a *pro se* complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

**DISCUSSION**

In the complaint, Plaintiff contends that the foreclosure was wrongful because Defendant BANA purportedly had no rights under the loan agreement and corresponding note and asserts four causes of action against Defendant BANA for: (1) breach of fiduciary duty; (2) slander of title; (3) wrongful foreclosure; and (4) declaratory relief. Defendant BANA moves to dismiss these causes of action pursuant to Rule 12(b)(6), contending that each fails to state a claim upon which relief can be granted. Likewise, Defendant Optimum moves to dismiss the allegations in the complaint against it pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), on the ground that Plaintiff has sued the wrong party and has not amended the complaint to add the real party in interest, Opteum. This Court will address each motion in turn.

### A. *BANA's Motion to Dismiss*

Though Plaintiff's complaint is not a model of clarity, it appears to allege that Defendants have no right and/or interest in the note or the Mortgage because of the securitization of the Mortgage and the alleged defects in the chain of title to the note. As stated, Defendant BANA moves to dismiss the four causes of action against it, on the basis that they fail to state a claim upon which relief can be granted. This Court agrees.

*Breach of Fiduciary Duty*

In the complaint, Plaintiff appears to allege that Defendant BANA breached a fiduciary duty owed to Plaintiff when it securitized the Loan and did not release the lien of the Mortgage.[8] (*See* Compl. at ¶¶ 32-36). In order to state a claim for breach of fiduciary duty, a plaintiff must first allege facts sufficient to show that a fiduciary relationship existed between the parties. *See, e.g., Grimm v. Discover Fin. Servs.,* 2008 WL 4821695, at *13 (W.D. Pa. Nov. 4, 2008) (dismissing a breach of fiduciary duty claim when it found no fiduciary relationship existed between the plaintiffs and their lenders).[9] Once a fiduciary relationship is established, the plaintiff must then allege facts sufficient to show "(1) that the defendant negligently or intentionally failed to act in good faith and solely for the benefit of plaintiff in all matters for which [the defendant] was employed; (2) that the plaintiff suffered injury; and (3) that [the

---

[8] It is unclear from the face of Plaintiff's complaint whether he intended to assert a breach of fiduciary duty claim against both Defendants, or merely Defendant Optimum. This claim appears predicated on only Defendant Optimum's conduct, since it refers entirely to Defendant Optimum's alleged breaches. (*See* Compl. at ¶¶ 32-36). However, paragraph 36 alleges that "[a]s a result of its failure to comply with the Mortgage, Defendants cause a cloud on Plaintiff's superior claim to title." (*Id.* at ¶ 36). Thus, this Court will assume that Plaintiff intended to assert a breach of fiduciary duty claim against both Defendants.

[9] For the purpose of deciding whether Plaintiff has stated a claim on which relief can be granted, this Court will apply Pennsylvania law. Generally, a federal court sitting in diversity is to apply the law of the forum state. *Erie R.R. Co. v. Tompkins,* 302 U.S. 64, 78-80 (1938); *Schering Corp. v. Sun Ray Drug Co.,* 320 F.2d 72, 76 (3d Cir. 1963). Defendants have both cited Pennsylvania law in support of their respective motions to dismiss. Given that Plaintiff has not made any argument as to why any other state or federal law should apply and the foreclosed Property is located in Pennsylvania, this Court will apply Pennsylvania law to the claims.

defendant's] failure to act solely for the plaintiff's benefit . . . was a real factor in bring[ing] about plaintiff's injuries." *Dinger v. Allfirst Fin., Inc.,* 82 F. App'x 261, 265 (3d Cir. 2003) (quoting *McDermott v. Party City Corp.,* 11 F. Supp. 2d 612, 626 n.18 (E.D. Pa. 1998)).

Pennsylvania law, however, generally does not recognize the existence of a fiduciary relationship between a lender and a borrower absent evidence that the lender exercised substantial control over the borrower's business affairs. *Blue Line Coal Co., Inc. v. Equibank,* 683 F. Supp. 493, 496 (E.D. Pa. 1998); *see also Grimm*, 2008 WL 4821695 at *13. Control over the borrower is established when evidence exists that the lender was involved in the "actual day-to-day management and operations of the borrower" or that the lender had "the ability to compel the borrower to engage in unusual transactions." *Blue Line Coal Co.,* 683 F. Supp. at 496 (quoting *NCNB Nat. Bank v. Tiller,* 814 F.2d 931, 936 (4th Cir. 1987)).

Here, Plaintiff's complaint fails to allege any facts from which this Court can infer the existence of a fiduciary relationship, much less the breach of a fiduciary duty. Plaintiff has not alleged that Defendant BANA exercised any control over his financial affairs or otherwise acted as a fiduciary. Rather, Plaintiff does nothing more than make bald, conclusory allegations that Defendant BANA breached some indeterminate fiduciary duties owed to him. As such, Plaintiff has failed to plead facts to substantiate a plausible breach of fiduciary duty against Defendant BANA and, therefore, this breach of fiduciary duty claim is dismissed as to Defendant BANA pursuant to Rule 12(b)(6).

*Slander of Title*

Defendant BANA also seeks dismissal of the slander of title claim asserted against it. Although the allegations therein are difficult to discern, Plaintiff appears to allege that: (1) Defendants did not record the mortgage note as a lien, which constituted a "withholding" that

slandered Plaintiff's title, and (2) the act of recording the assignment of the mortgage constituted a publication of a "false statement derogatory to Plaintiff's title." (*See* Compl. at ¶¶ 43-44). In its motion to dismiss, Defendant BANA argues that Plaintiff has failed to allege facts sufficient to support essential elements of a slander of title claim, notably that Plaintiff suffered pecuniary loss and that Defendant BANA published the alleged defamatory statements with malice. This Court agrees.

Slander, or disparagement, of title is the "the false and malicious representation of the title or quality of another's interest in goods or property." *Pro Gold Mfg. v. Tribune Review Newspaper Co.*, 809 A.2d 243, 247 (Pa. 2002) (internal citation omitted). To plead a valid slander of title claim, a plaintiff must allege:

> (1) a false statement;
> (2) the publisher either intends the publication to cause pecuniary loss or reasonably should recognize that publication will result in pecuniary loss;
> (3) pecuniary loss does in fact result; and
> (4) the publisher either knows that the statement is false or acts in reckless disregard of its truth or falsity.

*Pro Golf Mfg.*, 809 A.2d at 246 (citing *Restatement (Second) of Torts* § 623(A) (1977)); *accord Lincoln v. Magnum Land Servs., LLC,* 2013 WL 2443926, at *5 (M.D. Pa. June 5, 2013).

Plaintiff bases his slander of title claim on, *inter alia*, the recordation and assignment of Defendant BANA's mortgage interest in the Property. However, Plaintiff alleges no facts from which this Court can infer that the assignment of Defendant BANA's mortgage interest was disparaging, false, or done with malice. *See In re Bennett,* 531 B.R. 68, 79 (Bankr. E.D. Pa. 2015) (holding that a debtor did not state a plausible claim against mortgagee for slander of title when he did not state facts to support malice element). Moreover, Plaintiff does not allege, with any specificity, that he suffered special damages as a result of Defendant BANA's actions. Allegations of pecuniary loss cannot be speculative. *See Zerpol Corp v. DMP Corp.,* 561 F.

Supp. 404, 409 (E.D. Pa. 1983) (plaintiff alleging disparagement or slander of title must "plead and prove pecuniary loss); *Surgical Laser Tech., Inc. v. Heraeus Lasersonics, Inc.,* 1994 WL 637353, at *1 (E.D. Pa. Nov. 10, 1994) (noting that, under Pennsylvania law, a slander of title claim requires proof of special damages and must be pled with specificity). Plaintiff has failed to plead facts sufficient to demonstrate that Defendant BANA's actions and/or inactions were disparaging, malicious and proximately caused Plaintiff pecuniary loss. Accordingly, this Court finds that Plaintiff fails to state a claim for relief and, therefore, the slander of title claim is dismissed as to Defendant BANA pursuant to Rule 12(b)(6).[10]

*Wrongful Foreclosure and Declaratory Relief claims*

It appears that Plaintiff's wrongful foreclosure and declaratory relief claims are premised, *inter alia*, on Plaintiff's contention that Defendant BANA lacked standing to foreclose on the Property and, therefore, the foreclosure action was fraudulent. (*See* Compl. at ¶ 48). As such, Plaintiff seeks "general and special damages" in an unspecified amount, (*id.* at ¶ 49), a quiet title and declaratory relief against both Defendants. (*Id.* at ¶¶ 50-53). Defendant BANA moves to dismiss both claims on the basis that Plaintiff's challenges to the validity of the foreclosure of the Property are barred by the doctrines of *res judicata* and collateral estoppel.

---

[10] As an alternative basis of dismissal, Defendant BANA argues that Plaintiff's slander of title claim is time barred. Under Pennsylvania law, slander of title has a one-year statute of limitations, which runs from the date of the publication of the defamatory statement. *See* 42 Pa. C.S.A. § 5523(1); *Pro Gold Mfg.,* 809 A.2d at 245 (holding that slander of title claims have the same one-year statute of limitations as slander claims). In this case, Plaintiff alleges that Defendants committed slander of title when it recorded the assignment of its mortgage on the Property in the Office of the Recorder of Deeds of Bucks County on September 4, 2013. (Compl. at ¶ 44). Plaintiff filed this action on September 22, 2016, more than three years after the publication of the alleged defamatory statement. Accordingly, it appears from the facts alleged in Plaintiff's complaint that this claim is time barred, and may be dismissed on this basis alone. *See generally Schmidt v. Skolas*, 770 F.3d 241, 249 (3d Cir. 2014) (holding that a statute of limitations defense may be raised in a Rule 12(b)(6) motion if the facts alleged in the complaint show that the action is untimely). Under the circumstances pled, this Court finds that the slander of title claim is time barred and, therefore, is dismissed on this basis as well.

This Court, however, need not address Defendant BANA's arguments based on *res judicata* and collateral estoppel because these contentions, as pled, challenge the underlying foreclosure action and the state court judgment entered therein and, therefore, are barred from review by the *Rooker-Feldman* doctrine.[11] The *Rooker-Feldman* doctrine prohibits federal courts, other than the United States Supreme Court, "from exercising appellate jurisdiction over final state-court judgments." *Lance v. Dennis*, 546 U.S. 459, 463 (2006). The jurisdictional limitations imposed by *Rooker-Feldman* apply not only to state court judgments entered following a trial on the merits, but also to default judgments. *See Knapper v. Bankers Trust Co.,* 407 F.3d 573 (3d Cir. 2005).

The *Rooker-Feldman* doctrine bars a federal claim "if the claim was 'actually litigated' in state court or if the claim is 'inextricably intertwined' with the state adjudication." *ITT Corp. v. Intelnet Int'l Corp.,* 366 F.3d 205, 210 (3d Cir. 2004). A federal claim is "inextricably intertwined" with a state adjudication when "(1) the federal court must determine that the state court judgment was erroneously entered in order to grant the requested relief, or (2) the federal court must take action that would negate the state court's judgment." *Knapper*, 407 F.3d at 581. The *Rooker-Feldman* doctrine bars a federal claim in a district court where: "(1) the federal plaintiff lost in state court; (2) the plaintiff complain[s] of injuries caused by [the] state-court judgments; (3) those judgments were rendered before the federal suit was filed; and (4) the plaintiff is inviting the district court to review and reject the state judgments." *Great Western*

---

[11] Although neither Defendant raised the *Rooker-Feldman* doctrine as a basis for the dismissal of Plaintiff's wrongful foreclosure and declaratory relief claims, the doctrine is jurisdictional and may be considered by this Court *sua sponte* at any point in this litigation. *See Burgos v. McEwan,* 413 F. App'x 469, 470 (3d Cir. 2011) (affirming a district court's *sua sponte* dismissal of complaint under *Rooker-Feldman*); *Van Tassel v. Lawrence Cnty. Dom. Relations Sections,* 390 F. App'x 201, 203 (3d Cir. 2010) (same).

*Mining & Mineral Co. v. Fox Rothschild LLP*, 615 F.3d 159, 166 (3d Cir. 2010) (citations and internal quotations omitted).

Here, this Court finds that each of the elements noted in *Great Western* is met and, therefore, deems Plaintiff's wrongful foreclosure and declaratory relief claims inextricably intertwined with the judgment entered in the foreclosure action. A review of publicly available documents filed in the foreclosure action reveals that a final judgment was entered against Plaintiff in said foreclosure action on August 22, 2014, prior to the commencement of this action in August 2016. To the extent that Plaintiff complains of injuries suffered as a direct result of Defendants' actions to obtain, enforce and/or execute the state court judgment entered in the foreclosure action, Plaintiff herein is inviting this Court to review and reject the underlying state court judgment. To grant the relief Plaintiff now seeks, *i.e.*, monetary damages and declaratory relief for the alleged injuries caused by Defendants' actions in the foreclosure matter, would require this Court to review and reject the validity of the state court judgment. Since there is a prohibition against such review, this Court lacks jurisdiction over Plaintiff's claims under the *Rooker-Feldman* doctrine. As such Plaintiff's wrongful foreclosure and declaratory relief claims are dismissed pursuant to 12(b)(1) for lack of subject-matter jurisdiction.

### B. *Optimum's Motion to Dismiss*

In the complaint, Plaintiff asserts five causes of action against Defendant Optimum: (1) fraud in the concealment; (2) breach of contract; (3) breach of fiduciary duty; (4) slander of title; and (5) a claim for declaratory relief. As pled, each cause of action is predicated on an alleged contractual relationship between Plaintiff and Defendant Optimum based on the Mortgage and the Assignment of the mortgage to the Property. Defendant Optimum moves to dismiss all five claims pursuant to Rules 12(b)(1), 12(b)(2), and 12(b)(6), arguing that it was not a party to either

the Mortgage or the Assignment and, therefore, was improperly named as a defendant in this action.

This Court need not address Defendant Optimum's jurisdictional arguments because there is no doubt, from both the face of the complaint and the documents incorporated by reference, that Defendant Optimum never entered into a contractual or fiduciary relationship with Plaintiff and had no involvement in the underlying foreclosure action. Thus, Plaintiff fails to state a claim upon which relief can be granted against Defendant Optimum. Plaintiff's complaint inaccurately refers to Defendant Optimum as a party to the Mortgage contract, the basis for all of his claims. (*See* Compl. at ¶ 7) ("[t]he purported Original Lender of [the Mortgage] is Optimum Financial Services, LLC"), ¶ 10 ("Plaintiff executed the [Mortgage] note as the accommodation party for Optimum Financial Services, LLC, the accommodated party"). However, a review of the exhibits attached to Defendant Optimum's motion to dismiss reveals that Defendant Optimum was not a party to either the Mortgage or the assignment. Notably, the Mortgage document shows Opteum as the mortgagee. (*See* RJN at Ex. A [ECF 3-2]). As noted in the attachments to Defendant Optimum's motion to dismiss, Defendant Optimum is a Mississippi corporation which is legally separate from and not affiliated with Opteum.

Based on the foregoing, Plaintiff's complaint fails to plead the existence of a contractual and/or fiduciary relationship between Defendant Optimum and Plaintiff. Because the claims asserted against Defendant Optimum arises solely out of actions by those entities that were parties to the Mortgage and/or the Assignment, specifically, Plaintiff and Opteum, the complaint fails to state a claim for relief against Defendant Optimum. Accordingly, Defendant Optimum's motion to dismiss is granted *in toto*, and Plaintiff's claims against Defendant Optimum are dismissed.

**CONCLUSION**

For the foregoing reasons, Defendants' motions to dismiss are granted, and the complaint is dismissed against Defendants. An Order consistent with this Memorandum Opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.